**\*132] \*Edgar's Lessee *v.* James Robinson, Jr., and William Robinson.**

*Parol evidence.*

Parol evidence of a deed is admissible, without a notice to produce it, as against one, not a party to the deed; nor can he be compelled to produce it, if he is merely a witness thereto.

Ejectment, tried at York Town, in which defence was taken for one-third part of the premises. The title of the lessor of the plaintiff was deduced from a patent, dated the 10th of June 1734, to Thomas Lenton, who conveyed, on the 8th of January 1741, to James Rowland, and James Rowland afterwards conveyed to Robert Rowland, who devised the premises to his sons James, John and Matthew, by a will dated the 9th of January 1799. A sheriff's deed was then read, dated the 29th of April 1785, which recited a judgment and execution, at the suit of Andrew Leiper against Matthew Johnston and James Robinson for 30*l.*; and a sale of one-third part of the land, as the estate of James Robinson, to Samuel Edgar (the lessor of the plaintiff) for 40*l.* And parol evidence was offered to show, that James Rowland had conveyed one-third of the premises to James Robinson, senior (uncle of the defendants), who was the defendant in a former ejectment; and who was in possession of the land at the time of the judgment and sale. It was, thereupon, objected, that no parol proof could be given of a conveyance of real estate; nor, generally, of any instrument, without previous notice to produce it. But—

By the Court.—The present defendant, James Robinson, Jr., is not the party to the alleged deed; and therefore, no notice could be given to him,

---

(*a*) This cause was tried at York Town *nisi prius,* before Shippen and Bradford, Justices, in May 1793.

within the general rule, for the production of deeds ; nor, if he stands merely in the character of a witness to the deed, is he compellable to produce it. There is, therefore, no way of getting at the title, but the one proposed, if the defendant in an action chooses, under such circumstances, to conceal the muniments of the estate.

The witnesses were, accordingly, examined ; **and the plaintiff obtained a verdict, conformable to the charge of the court.**[1]

### *Parol evidence.*

[1] Of this case, Chief Justice TILGHMAN says, in Little *v.* Delancey, 5 Binn. 171 : " The report is short, and I am satisfied the reporter was not present at the trial, or the case would have been stated with more clearness and precision ;" and after analyzing the facts as above stated, he continues, " upon the whole, there appears to have been something particular in the circumstances of the case, under which it might have been proper to admit parol evidence, although it does not clearly appear what those circumstances were ; at all events, it is not a case which can be set up as a general rule." And Judge YEATES says (p. 273): " There must certainly have been other facts, upon which the judgment of the court turned."